FILED

MAR 3 2008

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. S 06-cr-0445-DLJ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL TRUMPOWER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The defendant Michael Trumpower (Trumpower) was indicted October 26, 2006, on two counts of money laundering in violation of 18 U.S.C. § 1957.  Count One alleges that on November 13, 2001, Trumpower caused the interstate "transportation" of $180,000 from Nevada City, California to Prescott, Arizona for deposit into a Trumpower account in the Bank of America.  Count Two alleges that on January 31, 2002, $20,000 was wired from a Citizens Bank account in Nevada City, California to a Trumpower account in the Bank of America in Prescott, Arizona.  The indictment alleges that the funds described in both counts were obtained through mail and wire fraud offenses.  The indictment also alleges that from September 1998 to January 2002, Trumpower carried out a fraudulent scheme in which monies were obtained through fraudulent misrepresentations related to an oil exploration venture in the United Arab Emirates (UAE).

In December 2007 defendant Trumpower filed four pre-trial motions:

> (1) a motion to dismiss the indictment for failure to state an offense.
>
> (2) a motion to dismiss the indictment for destruction of evidence.
>
> (3) a motion for depositions under Rule 15 of the Federal Rules of Criminal Procedure.
>
> (4) a motion for further disclosure.

On February 26, 2008, the Court heard oral argument on Trumpower's motions. Tim Coker appeared for Trumpower and Steven Lapham appeared for the government. The court issues the following orders on each of the motions.

## I. FAILURE TO STATE AN OFFENSE

An indictment returned by a lawful grand jury which is valid on its face is enough to compel a trial of the charges on the merits. United States v. Williams, 504 U.S. 36, 54 (1992). A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue. Fed. R. Crim. P. 12(b)(2). United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

In a pretrial motion under Federal Rule of Criminal Procedure 12(b)(2), the Court is not to consider evidence which

2

does not appear on the face of the indictment. Id. A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. Id. The Federal Rules of Criminal Procedure do not provide for a pre-trial consideration of the available evidence like the summary judgment procedure in Rule 56 of the Federal Rules of Civil Procedure. Id (citing United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).

An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal of conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 118 (1974). It is generally sufficient that an indictment set forth the offense in the words of the statute itself as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Id. Two corollary purposes of an indictment are: (1) to ensure that the defendant is being prosecuted on the basis of the facts presented to the grand jury, and (2) to allow the court to determine the sufficiency of the indictment. United States v. Buckley, 689 F.2d 893, 896 (9th Cir. 1982). Before trial, the corollary purposes are generally met if the indictment passes muster under Hamling. Id at 896 n.3.

1  Federal Rule of Criminal Procedure 7(f) allows the court to
2  direct the government to file a bill of particulars. United
3  States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). The bill
4  of particulars has three functions: (1) to inform the defendant
5  of the nature of the charge against him with sufficient precision
6  to enable him to prepare for trial; (2) to avoid or minimize the
7  danger of surprise at the time of trial; and (3) to enable him to
8  plead his acquittal or conviction in bar of another prosecution
9  for the same offense when the indictment itself is too vague, and
10 indefinite for such purposes. Id. However, a bill of
11 particulars cannot save an invalid indictment. Russel v. United
12 States, 369 U.S. 749, 770 (1962).
13  In the brief filed by Trumpower, there are many factual
14 assertions, derived in the main from parallel civil proceedings
15 involving an involuntary Chapter 7 Bankruptcy proceeding and a
16 civil fraud complaint which have been filed against Trumpower.
17 These assertions of fact are extrinsic to the indictment and
18 cannot be used to test its sufficiency. See Jensen, 93 F.3d at
19 669. There is no criminal equivalent to the civil summary
20 judgment process. Id. The sufficiency of the indictment is
21 determined by review of the indictment itself. Id.
22  In this case the criminal proceeds allegedly laundered are
23 said to be criminally derived from a fraudulent scheme involving
24 mail and wire fraud, but there are no substantive mail or wire

fraud charges alleged.  The money laundering charges contain specific factual pleadings which describe the time, place and circumstances of the transfer of criminally derived funds which allegedly constitute a money laundering crime, but there is no pleading of the factual circumstances of the specific mail or wire fraud that produced those funds.  The indictment does plead a factual background describing a fraudulent scheme allegedly carried out for more than 3 years, but only in completely generic terms.

The government argues that they have sufficiently pleaded specific money laundering offenses involving funds criminally derived from crimes of mail and wire fraud and that they are not required to plead the factual circumstances of the specific crimes of mail and wire fraud which have produced the criminal proceeds involved.  The Court observes, however, that it is a core function of an indictment to provide adequate notice of the charges to a defendant.  <u>Hamling</u>, 418 U.S. at 118.  A defense cannot be marshaled unless the defendant knows both the statute allegedly violated and the conduct which allegedly violates the statute.  The indictment does plead the elements of a money laundering charge and the kind of crime which produced the laundered funds.  But the government must ultimately prove that the specific funds can be related to a specific crime.  Without any pleading as to the factual context for that specific crime,

5

the Court is concerned that a serious question as to adequate notice has been raised.

The Court finds that Trumpower is correct that without more information he is unable to adequately prepare for trial and there is an undue risk of surprise. Under these circumstances, a bill of particulars is necessary. See Giese, 597 F.2d at 1180.

Trumpower previously filed a motion for a bill of particulars and in response the government filed such a bill. That response provided specific descriptions of the type of misrepresentations Trumpower had used to carry out his fraudulent scheme. The response, however, did not contain any specifics: the identification of the names of victims, the time of the events, the circumstances describing the misrepresentations themselves and their materiality, or the circumstances establishing the use of the mails or wire in furtherance of the fraudulent scheme. Logic compels the conclusion that this alleged long-term scheme involved a great many persons, and an even greater number of transactions. In this mass of historical facts, there is no way for Trumpower to divine how the government intends to prove the specific criminal conduct that produced the criminal proceeds said to be the subject of the money laundering charges. Accordingly the Court orders that the government must file a supplemental bill of particulars. This bill of particulars must identify (1) the circumstances of the crime or

crimes from which the laundered money was derived, including how and when those crimes were accomplished; (2) in the case of mail or wire fraud, the particular false material representations and particular mailings or wire transactions; (3) who committed the crimes; (4) who were the victims of the crimes; and (5) in Count Two, how the allegedly laundered money can be identified as the proceeds of criminal conduct to the extent that it was ever commingled with legitimately derived funds.

## II. DESTRUCTION OF EVIDENCE

The suppression by the prosecution of evidence favorable to the accused can be a violation of due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The prosecution has a duty to disclose any evidence that could create a reasonable doubt regarding the defendant's guilt. <u>United States v. Agurs</u>, 427 U.S. 97, 112-14 (1976). However, a defendant must demonstrate bad faith on the part of prosecutors or police where he asserts a denial of constitutional due process because law enforcement failed to preserve evidence that was only potentially useful. <u>Arizona v. Youngblood</u>, 488 U.S. 51, 58 (1988).

The indictment alleges that the oil exploration venture was managed by Matco, Inc. (Matco) and that Trumpower was the president of that company. In January, 2001, the Baker Hughes

7

1 company, a creditor of Matco's, filed a petition for an
2 involuntary Chapter 7 Bankruptcy against Matco. On April 22,
3 2002, the Bankruptcy Court entered an Order for Relief in favor
4 of Baker Hughes. During the course of the proceedings some 70
5 boxes of Matco records, including computer hard drives and tapes,
6 were taken into the possession of the Bankruptcy Court and stored
7 in a warehouse. At about the end of the proceedings, pursuant to
8 a subpoena, some 3 boxes of those records were taken into the
9 possession of the FBI. The remaining boxes of records were left
10 at the warehouse and at some later time destroyed. Trumpower's
11 motion to dismiss is based on that destruction.

12    Based upon the papers filed and the argument at the hearing,
13 the Court indicated that it was satisfied that the evidence did
14 not support the conclusion that the FBI had caused the
15 destruction of the records or that the FBI had acted in bad
16 faith. Cf Youngblood, 488 U.S. at 58 (holding that there was not
17 bad faith when semen-stained clothes were routinely destroyed
18 despite their possible exculpatory value). At the hearing,
19 however, it appeared that there may be a question of whether all
20 the records seized by the FBI had been properly maintained by the
21 government as there was no information available as to the
22 handling of the documents when they had been in the possession of
23 the IRS. The government is directed to file a supplemental brief
24 on this issue and the Court will defer ruling on the motion until
25

supplemental briefs have been filed and considered by the Court.

### III. RULE 15 DEPOSITIONS

Rule 15 of the Federal Rules of Criminal Procedure permits the taking of a deposition whenever, due to the exceptional circumstances of the case, it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial. United States v. Rich, 580 F.2d 929, 933 (9th Cir. 1978). In criminal cases, however, unlike civil cases, depositions are not allowed merely for the purpose of discovery. Id at 933-34. A defendant may depose a witness only if the witness may be unable to attend trial. Id at 934. In addition, the rule contemplates a party taking the deposition of only his own witness, a requirement that comports with the purpose of preserving testimony. Id.

To determine the need for a deposition in a criminal trial, a district judge focuses on: (1) the prospective unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witnesses' presence at trial; (3) a demonstration by the movant that the expected testimony would be favorable; and (4) whether the deponents would be available for deposition and willing to testify. United States v. Zuno-Arce, 44 F.3d 1420, 1425 (9th Cir. 1995). The burden is on the movant to demonstrate the need for a Rule 15 deposition. Id at 1424.

9

Trumpower seeks an order of the Court permitting him to take several depositions pursuant to Fed. R. Crim. P. Rule 15. The fraudulent scheme described in the indictment relates to an oil exploration in the UAE. Some of the witnesses whose depositions are sought are United States residents; some are residents of the UAE.

As to the U.S. residents, there is nothing to distinguish them from the run of the mill witness in any federal criminal prosecution. There are no exceptional circumstances about them and a pre-trial deposition would be the kind of discovery which is not permitted by Rule 15. Cf Zuno-Arce, 44 F.3d at 1425 (holding that Rule 15 depositions were necessary for witnesses residing in Mexico who were unwilling to enter the U.S.). The Court DENIES the request for the Rule 15 depositions of the U.S. witnesses.

To the contrary, however, the circumstances as to the UAE witnesses are classic examples of the exceptional circumstances that bring a witness into the scope of Rule 15. They are each UAE residents who are not subject to the orders of this Court. They are each percipient witnesses of events that are relevant to the charges in this indictment. Each has indicated that they will be available for, and will participate in, a deposition to be held in the UAE as early as May of this year. Accordingly the Court orders that Rule 15 depositions can be taken of the

following witnesses:

    Mahmoud Al-Masri

    Dr. Salem Kahlil

    Ihab Qandil

    Sammy Al-Bakri

The parties are to make all the necessary arrangements. If Trumpower wishes to be present at the depositions, he can make arrangements to do so. Upon request, the Court will modify any prohibition as to travel outside this District so as to permit his presence. The parties are to report to the Court what has been done as to these depositions at the next status conference on this case.

**IV. DISCLOSURE**

The government has already made significant pre-trial disclosures of its discoverable evidence in this case. The present motion appears to raise new discovery issues which have not been discussed by the parties. The Court believes that the parties should discuss these issues and report to the Court whether or not they can be resolved without Court intervention. Accordingly, the Court defers ruling on the motion, and the parties are to discuss the issues and report to the Court at the next status conference whether there are any issues that must be resolved by the Court.

11

**CONCLUSION**

For the reasons stated above, Trumpower's motion to dismiss for failure to state an offense is DENIED; the government is to file a bill of particulars as described above; Trumpower's motion to dismiss for destruction of evidence is deferred pending supplemental briefing by the parties; Trumpower's motion for Rule 15 depositions is GRANTED as to the witnesses in the UAE, but DENIED as to witnesses in this country; Trumpower's motion for disclosure is deferred until the parties have had opportunity to meet and confer on the new issues raised at the hearing.

IT IS SO ORDERED

Dated:     March 3, 2008

_____
D. Lowell Jensen
United States District Judge